UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT P. MARLEY<br><br>        Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA, COUNTRYWIDE FINANCIAL, COUNTRYWIDE HOME LOANS, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., JOHN DOE REPORTING SERVICES, JOHN OR JANE DOES 1-1000, UNKNOWN INVESTORS JOHN DOES 1-10, BEING UNDISCLOSED AGGREGATORS (WHOLESALERS), MORTGAGE ORIGINATORS, LOAN SELLER, TRUSTEE OF POOLED ASSETS, TRUSTEE FOR HOLDERS OF CERTIFICATES OF COLLATERALIZED MORTGAGE OBLIGATIONS, JOHN OR JANE DOES, AS INVESTMENT BANKER, ET AL, INDIVIDUALLY, JOINTLY AND SEVERALLY<br><br>        Defendants. | Civil Action No. 10-10885-GAO |

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

      Defendants Bank of America Corporation ("Bank of America"), Countrywide Financial Corporation (n.k.a. Bank of America Corporation) and Countrywide Home Loans, Inc. ("Countrywide"), Mortgage Electronic Registration Systems, Inc. ("MERS")(collectively, "Defendants") respectfully submit this memorandum of law in support of their Motion to Dismiss the Complaint filed by Plaintiff Robert P. Marley ("Plaintiff").

      The Court should grant Defendants' Motion to Dismiss because Plaintiff may not assert claims without having scheduled them in his Chapter 7 Bankruptcy filing.

## FACTUAL BACKGROUND

Plaintiff resides at 18 Lakeview Drive in Lynnfield, Massachusetts.  On December 3, 2004, Plaintiff entered into a Note with Omega Mortgage Corporation.  A true and accurate copy of the Note is attached hereto as Exhibit A.  On that same day, Plaintiff also entered into a Mortgage with Omega Mortgage Corporation which secured the Note.  MERS is a named beneficiary under the Mortgage.  A true and accurate copy of the Mortgage is attached hereto as Exhibit B.  On September 19, 2008, Plaintiff filed for Chapter 7 bankruptcy.  *See* Voluntary Petition (September 19, 2008).  A true and accurate copy of the Bankruptcy petition is attached hereto as Exhibit C.  He did not schedule any legal claims against Defendants in his bankruptcy petition.[1]

Plaintiff filed the Complaint in the present action on May 13, 2010 and Defendants removed to this Court.  At its essence, Plaintiff's Complaint makes origination claims against Defendants.  He alleges that he was misled when he entered into the home mortgage loan transaction by Defendants.  He makes allegations that he was never informed of the risks of "his home loan" and that he never would have agreed to the loan had he known the truth.  Compl., ¶¶ 66, 126.  Plaintiff alleges Defendants violated G.L. 93A, §2, Compl., ¶¶ 155-60, the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, Compl., ¶¶ 161-72, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, Compl., ¶¶ 173-76, State and

---

[1] In considering this motion, the Court may consider Plaintiff's voluntary Chapter 7 Bankruptcy Petition without converting the instant Motion to one for summary judgment.  *See Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 17 (1st. Cir. 1998); *see also, Iantosca v. Benistar Admin. Services, Inc.*, No. 08-11785, slip op., 2009 WL 2382750, at *4 (D. Mass. July 30, 2009) (citing *Nollet v. Justices of the Trial Court of Mass.*, 83 F.Supp.2d 204, 208 (D. Mass. 2000) (in considering the merits of a motion to dismiss, the Court may look to the "facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken").  Additionally, the Court may take judicial notice of developments in other courts, such as bankruptcy proceedings.  *See New England Wood Pellet, LLC v. New England Pellet, LLC*, 419 B.R. 133, 137 (D.N.H., 2009); Fed.R.Evid. 201(d) (the court must take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information).

LIBA/2092368.1

Federal Truth in Lending Acts ("TILA"), Compl., ¶¶ 177-80, the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681, Compl., ¶¶ 181-187, the civil Racketeer Influenced and Corrupt

Organizations Act, 18 U.S.C. § 1964(c), Compl., ¶¶ 211-16, and committed Fraudulent

Misrepresentation, Compl., ¶¶ 188-94, Breach of Fiduciary Duty, Compl., ¶¶ 195-99, Unjust

Enrichment, Compl., ¶¶ 200-204, Civil Conspiracy, Compl., ¶¶ 205-10, and Usury and Fraud,

Compl., ¶¶ 230-37.  Plaintiff moves to quiet title on his property, and requests rescission of his

loan and mortgage.  Compl. ¶¶ 217-229 and pp. 53-54.

## ARGUMENT

### I.   Standard of Review for a Motion to Dismiss

A complaint shall be dismissed where it fails to state a claim upon which relief can be

granted.  Fed. R. Civ. P. 12(b)(6).  This standard is met where the Complaint fails to provide

grounds for Plaintiffs' entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (citations omitted) ("*Twombly*").  In considering the merits of a motion to dismiss, the

Court may look to the "*facts* alleged in the pleadings, *documents attached as exhibits or*

*incorporated by reference in the complaint* and *matters of which judicial notice can be taken*."

*Iantosca v. Benistar Admin. Services, Inc.*, No. 08-11785, slip op., 2009 WL 2382750, at *4 (D.

Mass. July 30, 2009) (citing *Nollet v. Justices of the Trial Court of Mass.*, 83 F.Supp.2d 204, 208

(D. Mass. 2000)) (emphasis added).  The Court need not credit allegations contained in the

Complaint that contradict exhibits attached to the Complaint or documents subject to judicial

notice.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); MUELLER &

KIRKPATRICK, FEDERAL EVIDENCE, § 2:9 ("Because judicial notice of an adjudicative fact is

conclusive in civil cases, it follows that the party opposing notice is not permitted to present

evidence rebutting the fact noticed.").

A complaint containing "labels and conclusions," or a "formulaic recitation of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Twombly*, 550 U.S. at 555 (citations omitted). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations omitted). The plaintiff must make "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3. In short, a plaintiff must be able to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Application of these standards to Plaintiffs' allegations requires that the Complaint be dismissed in its entirety as a matter of law.

II.    **Plaintiff's Complaint Should be Dismissed because Plaintiff is Estopped and Does Not Have Standing to Bring The Underlying Claims Because He Did Not Schedule The Claims In His Chapter 7 Bankruptcy Filing.**

Under Rule 1007 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 521(a)(1)(B)(ii), Plaintiff was required to file, together with his bankruptcy petition, a schedule of assets and liabilities. The bankruptcy estate consists of "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative," including a potential cause of action against a prominent creditor. *Wood v. Premier Capital, Inc.*, 291 B.R. 219, 224 (1st Cir. BAP, Mass, 2003); *see also Barroso-Herrans v. Lugo-Mender*, 524 F.3d 341, 344 (Bankr. D.R.I. 2008) ("When an individual files for bankruptcy, all of his property—including causes of action—becomes property of the estate.") (citing 11 U.S.C. § 541). Plaintiff's filing made no reference to any claim against Defendants.

The purpose of § 521's requirement that a debtor file a schedule of assets and liabilities is to provide a full accounting of his financial state so the debtor "obtain[s] a discharge from [his] creditors in return for all [his] assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh." *Payless Wholesale Distribs., Inc. v. Alberto*

*Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir. 1992).  The burden was on Plaintiff to schedule

his claim against Defendants.  Plaintiff's "failure to announce this claim against a creditor

precludes [him] from litigating the cause of a action . . ."  *Id.* at 572 (citing *Oneida Motor*

*Freight  v. United Jersey Bank*, 848 F.2d 414 (3d Cir. 1988)).  A debtor cannot omit a cause of

action from his schedule of assets, leaving his creditors in the dark as to a potential source of

payment for their claims, then bring the cause of action on his own once those claims have been

compromised or released in the bankruptcy, keeping any recovery for himself.  *See Locapo v.*

*Colsia*, 609 F. Supp. 2d. 156 (D.N.H. 2009).   Here, Plaintiff is estopped from raising a claim

against his creditors when he had an obligation to schedule that claim in the bankruptcy

proceeding.  Under the law of this Circuit, Plaintiff has abandoned his claims.

Additionally, pursuant to 11 U.S.C. §554, the Bankruptcy Trustee needs to have the

option to abandon that claim.  Here, because the Trustee of Plaintiff's estate never had notice of

his claims against Defendants, the Trustee had no opportunity to abandon that claim, which

therefore remained – and still remains – an asset of the estate.  *See* 11 U.S.C. § 554(d) ("Unless

the court orders otherwise, property of the estate that is not abandoned under this section and that

is not administered in the case remains property of the estate."); *see also Locopo v. Colsia*, 609

F. Supp. 2d 156, 159 (D.N.H. 2009) (citing *Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir.

2001)).

Even if Plaintiff's failure to schedule this lawsuit as a bankruptcy asset was inadvertent,

this lawsuit would remain an asset of the estate.  *See, e.g. Dwyer v. Peebles*, 224 B.R. 519 (D.

Bankr. Mass. 1998) (reopening bankruptcy case to administer undeclared asset); *In re Hamlett*,

304 B.R. 737, 740 (Bankr. Mid. D. N.C. 2003) ("[I]t is generally recognized that a bankruptcy

court does not abuse its discretion when it reopens a closed case to administer a newly-

discovered asset.").  Plaintiff's claims against Defendants, though filed after the close of the

bankruptcy estate, are property of that estate and must be administered as such.

Finally, even a claim that <u>arises</u> post-petition belongs to the estate where it is

"sufficiently rooted in pre-bankruptcy past and so little entangled with the bankrupt's ability to

make an unencumbered fresh start."  *Segal v. Rochelle*, 382 U.S. 375, 380 (1966) (emphasis

added).  This suit is based entirely on events that occurred four years before Plaintiff filed for

bankruptcy and rests squarely within his bankruptcy estate.[2]

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Dismiss.


Dated: June 4, 2010                                 Respectfully submitted,

                                                    BANK OF AMERICA CORPORATION,
                                                    COUNTRYWIDE HOME LOANS, INC.,
                                                    AND MORTGAGE ELECTRONIC
                                                    REGISTRATION SYSTEMS, INC.,

                                                    By their attorney,


                                                    /s/ Neil D. Raphael
                                                    Neil D. Raphael (BBO# 650453)
                                                    GOODWIN PROCTER LLP
                                                    53 State Street
                                                    Boston, Massachusetts  02109
                                                    Tel.:  617.570.1000
                                                    Fax:  617.523.1231
                                                    nraphael@goodwinprocter.com

---

[2] Even if Plaintiff did have standing to bring the claims, the Complaint would fail for other reasons.  A number of the Plaintiff's claims are barred by the statute of limitations.  Furthermore, the core of Plaintiff's complaint is that the Note and the Mortgage were procured by misrepresentation and that Plaintiff did not understand the terms of the Note and Mortgage.  The Plaintiff's federal and state law claims all rest on Plaintiff's factual allegations that he was never informed of the risks of "his home loan" and that he never would have agreed to the loan had he known the truth.  Compl., ¶¶ 66, 126.  As reflected in the Note and Mortgage, the Defendants did not originate the Note and Mortgage and are not parties to the Note and Mortgage.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 4, 2010.

Dated: June 4, 2010                                     /s/ Neil D. Raphael