## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS

### FACTUAL ISSUES

Counsel for the Defendants' is trying to mislead the Court into thinking the Defendants' in this case have standing. They do not. The real party or parties in interest are unknown and Defendants' will not produce the information necessary to determine their identity. They have always been unknown and at Plaintiff's bankruptcy, no Creditor came forward to make objections, no Creditor appeared at the Creditors Meeting, and no Creditor responded to Plaintiff's request to reaffirm the loan.  Plaintiff has been dealing with *Ghost* since the origination of this Mortgage.

However Plaintiff will attempt to refute Defendants assertions.

The record for this case must be introduced after a proper foundation has been provided. *See New England Savings Bank v. Bedford Realty Corp., 238 Conn. 745, 680 A.2d 301,308-09(1969*) later Opinion, 246 Conn.594, 717 A.2d 713 (1998); Cole Taylor Bank v. Corrigan, 230 Ill. App.3d 122, 595 N.E.2d 177, 181 (2d Dist. 1992). It is the business records that constitute the evidence, not the testimony of the witness referring to them. In re A.B., 308 Ill.App. 3d 227, 719 N.E.2d 348 (2d Dist. 1999). If defendants had included an affidavit in support of their motion to dismiss (which they have not) in the instant case, it would not suffice.

However instead, prudently they chose not to commit perjury.

Albeit now, counsel for the Defendants' would have the Court believe the Defendants' are now real parties in interest. That some how the fictitious *Creditor* has been slighted because a claim was not made at the bankruptcy hearing. The Defendants had a duty to the

3

Plaintiff and the Bankruptcy Court to make them aware of the owner or owners (creditors) on the Note and Mortgage, they chose to inform neither as to the *Real Creditor*. "It is the creditor's responsibility to keep a borrower and the court informed as to owns the note and mortgage and is servicing the loan, not the borrower's or the court's responsibility to ferret out the truth". *In RE: Nosek* 4:08-cv-40095, Memorandum and Order @ *p. 7* (May 26, 2009).

Defendants' Counsel puts forth in his *factual background* that Plaintiff entered into a Mortgage & Note with Omega Mortgage Corp. (Omega), "a true and accurate copy is attached hereto". How can counsel know if that document is a true and accurate copy? He has not filed an Affidavit in support of this assertion. He cannot because He has no first hand knowledge and therefore is committing fraud on the Court and submitting misleading information and therefore Plaintiff object as to hearsay.

Moreover, this claim could not be further from the truth. Omega was a loan seller for Countrywide Home Loans Inc. (Countrywide). Omega did not lend the money for the loan nor did Omega have any other interest in the loan other than acquiring Plaintiffs signature on documents' that were fraudulent on their face. Nor has Countrywide funded the loan in question. Further MERS has no beneficial interest in Plaintiff's Mortgage or Note nor is it a real party in interest.

It is the Plaintiffs contention that the loan in question was funded under the guise of a lender but in fact was funded by investors not licensed to lend money in the state of Massachusetts or anywhere else for that matter.

However, the true lender of the loan at issue may very well be the Plaintiff. It would seem that He actually funded the Loan. *See* "FED Publication Modern Money Mechanics".

4

Defendants' counsel goes on to testify about Plaintiff's bankruptcy. Plaintiff objects on the grounds of hearsay. Albeit, Defendants' counsel has no first hand knowledge, He is right, Plaintiff did not schedule any legal claims against the Defendants, because as required by law, the Defendants in the current action were not a *Prominent Creditors* defined by 11 USC § 521 or Rule 1007 of F.R. Bankr. P. As a matter of *Fact* the true lender, owner or owners of the note and mortgage are still unknown at this time.

Therefore, no real *Creditor* came forward to release Plaintiff from his debt so that He could start fresh.

Because no *Creditor* was know at the time Plaintiff filed for bankruptcy, he had no party to file a claim against and therefore the Defendants' argument that " failure to announce this claim against a *Creditor* precludes Him from litigating the cause of action", is not tenable. Because there was no *Creditor* present at the bankruptcy, that would have been "*left in the dark*", Plaintiff may bring what ever claims he may under the Law. *Fundamental fairness* would dictate that the *Creditors* couldn't hide in the woods, and then latter surface to make claims that they were denied some type of protection under the law.

In light of the fact that no real *Creditor* was known at the time of plaintiffs' bankruptcy and is still not known, and in light of the Fact the Defendants admit @ p. 6 n2., in their Motion to Dismiss, they are not a party to the note and mortgage, there has been no procedural violation in Plaintiffs' bankruptcy. Therefore there would be no need to reopen the bankruptcy proceedings and this Honorable Court at any rate, may decide this matter.

Plaintiff did not become aware of the egregious violation until just recently as stated in Plaintiff's affidavit, which is incorporated by reference herein

Moreover common sense must dictate that if Plaintiff knew of the egregious violation which existed at the time He filed for Bankruptcy, He would clearly have raised those violations. In Defendants Motion @ P. 6 counsel states that "this suit is based on events that occurred four years before Plaintiff filed for Bankruptcy and rest squarely within his bankruptcy estate". Plaintiff objects on the grounds of hearsay and the grounds that counsel is miss-stating the facts. First, Plaintiff closed the loan on December 3, 2004 and filed bankruptcy on September 19, 2008 so from the time of the closing and the bankruptcy 45 months had elapsed, well before the 4 year State statute of limitations had expired. Common sense must dictate that if Plaintiff was aware of the violations and the true owner or owners of His loan, He would have raised His claims. More importantly, Plaintiff had counsel represent Him at the Bankruptcy, therefore as an officer of the court; Plaintiff relied on counsel for guidance.

The Plaintiff is not an attorney and is clueless as to the bankruptcy process that's why He retained counsel. Defendant's arguments are not tenable because they are not and were not the Creditor, the Lender, or the owner of the mortgage and note and therefore have no stake in the estate of Plaintiff. Further the Defendants have offered no proof as to their *standing*.

Defendant's will not divulged the true identity of the owner or owners.

***Counsel*** for the defendants' should be sanctioned for committing fraud upon the court. Defendants' Counsel is attempting to mislead the Court as was done in Nosek, *See* Judge Young's Scathing option in regard to counsel Supra.

**Plaintiff is filing a complaint with Massachusetts Board of Bar Overseers.**

## ARGUMENT

### I. Motions to Dismiss under Rule 12(b)(6)

When adjudicating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must view all the allegations and facts in the complaint in the light most favorable to the plaintiffs, and it must grant the plaintiff the benefit of all inferences that can be derived from those facts. See *Barr. v. Clinton,* 370 F.3d 1196, 1199, (D.C.Cir. 2004). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *See Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994). The Court may only consider the facts alleged in the complaint, any documents attached as exhibits, and matters about which the Court may take judicial notice. *See EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624-25 (D.C.Cir.1997). "A court should not dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim `unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Abigail Alliance For Better Access to Developmental Drugs and Washington Legal Foundation v. von Eschenbach,* 445 F.3d 470, 475 (D.C.Cir.2006) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Following these standards the Defendants motion to dismiss should be denied as a matter of law.

Even though it was not necessary for Plaintiff to put forth a prima facie case, He has and the evidence already in the record would untitled Him to relief on some of his claims without the need for discovery.

Plaintiff also objects to defendant's assertion @ P. 2 n1. The Court may in its' discretion view the motion to dismiss as one for summary judgment, or judgment on the pleadings in whole or in part and grant Plaintiff partial relief and have a hearing on the other matters not decided.

## II. Pro Se Litigants

The Plaintiff has spent untold hours pouring over cases, the law, regulations, in order to raise a defense and bring this action *pro se* and believes He has submitted a well plead case. If the Court determines otherwise, then it becomes obviously apparent that no amount of time and effort spent by a *pro se* litigant will ever be effective in a Court of Law and thus will be denied redress of any grievance. It is impossible for a layperson to learn what Jurist and lawyers have spent years learning, through college, and experience.

The plaintiff here is proceeding *pro se* and His complaint must therefore be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 n. 2 (D.C.Cir.2000). Courts of this Circuit have interpreted the Supreme Court's instruction in *Haines* as encompassing all filings submitted by *pro se* litigants, not just their pleadings. *See, e.g. Richardson v. United States* 193 F.3d 545, 548 (D.C.Cir.1999) (holding that "[c]ourts must construe pro se filings liberally") (citing *Haines*, 404 U.S. at 520, 92 S.Ct. 594); *Voinche v. FBI*, 412 F.Supp.2d 60, 70 (D.D.C.2006) (observing that "[t]his Court gives *pro se* parties the benefit of the doubt and may ignore some technical shortcomings of their filings" and applying the *Haines* rule to a plaintiff's summary judgment motion) (citing *Haines*, 404 U.S. at 520, 92 S.Ct. 594); *Calloway v. Brownlee*, 366 F.Supp.2d 43, 55 (D.D.C.2005) (Walton, J.) (holding that the Court "must 45*45 take pains to

8

protect the rights of *pro se* parties against the consequences of technical errors") (citing

*Haines,* 404 U.S. at 520, 92 S.Ct. 594).

The plaintiff in the instant case has done all he can possibly do to insure He has plead

within the Rules and in keeping with state and federal common, statutory, regulatory laws.

## III. Judicial Estoppel

As stated supra, no *real party in interest* participated at the bankruptcy hearings. To

come forward now and seek protection under that umbrella is untenable.

In this case Plaintiff was completely unaware of the egregious violations surrounding

His Loan at the time of his bankruptcy. Had Plaintiff been aware of the violations He would

have raised them especially were He was within a legal time frame to do so. Further, there

was no one to file a claim against. See *Alternative System Concepts, Inc. v. Synopsys, 374 F.*

*3d 23 - Court of Appeals, 1st Circuit 2004,* We acknowledge that, in limited circumstances,

courts have recognized a good faith exception to the operation of judicial estoppel. *See, e.g.,*

*Chaveriat v. Williams Pipe Line Co.,* 11 F.3d 1420, 1428 (7th Cir.1993) (stating that a court

may reject estoppel when "the position adopted in the first suit was clearly wrong yet had

been advanced in good faith by the party now sought to be estopped"); 18B Charles Alan

Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 4477, at 583-

87 (2d ed.2002) (collecting cases); *cf. InterGen,* 344 F.3d at 144 ("We would not want to

institute a rule [of judicial estoppel] that unduly inhibits a plaintiff from appropriately

adjusting its complaint either to correct errors or to accommodate facts learned during pretrial

discovery."). For example, that exception may be available if the responsible party shows that

the new, inconsistent position is the product of information neither known nor readily

available to it at the time the initial position was taken. *See, e.g., Chaveriat,* 11 F.3d at 1428;

*Konstantinidis v. Chen,* 626 F.2d 933, 939-40 (D.C.Cir.1980); *see generally* Wright, Miller & Cooper, *supra* § 4477, at 584 & n. 57.

Estoppel is a protection to litigants playing footloose and fancy free with the courts. There is no indication in the record that the Plaintiff has in any way tried to circumvent the bankruptcy court and gain some type of windfall. As a matter of fact, this case arises out of Plaintiffs continued attempts at relief under the *Making Homes Affordable Program* (HAMP) and the deceitful behavior of the defendants pursuant to the quest. We have arrived here because the defendants purposely denied Plaintiff relief thereby forcing Him into foreclosure thereby gleaning untold amounts of money from that foreclosure.

However, in the current case at issue, if Plaintiff's bankruptcy counsel was unaware of the violation, it only stands to reason Plaintiff could not have known, whereas He is a laymen at best and is uneducated in the ways of banking, finance, and the workings of a bankruptcy.

## IV. Legal Standing

The Defendants' in the instant action have failed to demonstrate through the proper channels of evidence that it has (Legal Standing), now and as they contend, at the time Plaintiff filed his bankruptcy. The Defendants' Motion to Dismiss is a sham being perpetrated on this Honorable Court.

In order for the Defendants to initiate a Foreclosure, they must have *standing* to do so; they have none. In order to be properly in this Court the Defendants must have *standing*; they do not. *See In RE MORENO*, Case No. 08-17715-FJB Bankruptcy Court, D. Massachusetts, Eastern Div. 2010, *also See In RE: BOX*, Case No. 10-20086 United States Bankruptcy Court, W. D. Missouri (June 3, 2010). "BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing ("BAC") seeks relief from the automatic stay to allow it to exercise its rights

under state law as to the Debtors' real property. The Debtors do not oppose the motion, but the Chapter 7 Trustee has challenged BAC's standing to seek relief from the stay. The Trustee asserts that the Note and Deed of Trust were not properly assigned to BAC and, because it is not the holder of the Note and Deed of Trust, it lacks standing to seek relief from the stay to enforce those documents. This is a core proceeding under 28 U.S.C. § 157(b)(2) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons that follow, the Court finds that BAC has not proven that it is the holder of the Note. **Therefore, it lacks standing, so its motion for relief from stay will be denied**".

Pursuant to 11 U.S.C. 524, the *Creditors* failed to reaffirm Plaintiffs mortgage, the *Creditors* never filed an objection, the *Creditors* never showed up at the Creditors meeting; had any of these processes taken place, perhaps some of the violations would have surfaced and the true identity of the owner or owners (The True Creditors) might have become known. Furthermore the Defendants had one year to bring any claims after the Discharge issued and they did not.

Moreover, Plaintiff reiterates that this case stems from the Defendants' illegal action of foreclosure, to adhere to the defendants argument would adhere the notion that in face of a foreclosure, no one may raise a defense in situations people like the Defendants themselves have caused. The Defendants' counsel is trying to lay the burden on the Plaintiff, a slick move but one that cannot stand. The defendants must produce the documentation Plaintiff seeks in His Qualified Written Request pursuant to 12 USC 2605(e). *See* Exhibit "**T**" attached to Plaintiffs' affidavit and incorporated by reference herein.

When those documents are produced, then and only then may we uncover inter alia, whom the owner is, how much is owed, who has standing, has the pool in which Plaintiffs'

11

loan rest defaulted, and has the loan been satisfied by way of a Credit Default Swap or some other insurance policy. The Plaintiff is entitled as a matter of law to a full accounting of his loan. Only when this has taken place can anyone determine who owes what to whom.

Defendants' Bankruptcy argument is moot for the above mentioned reasons.

Furthermore, Plaintiff has continued to maintain in all his pleading that this is a continuing violation and that other acts occurred and continue to occur.

The majority of the Plaintiff's claims are outside the bankruptcy period and not sufficiently rooted in the bankruptcy past.

The mere fact that on April 26, 2010 defendants inserted forged documents pursuant to his RESPA request is fraud and a violation after the bankruptcy. *See* Plaintiffs' Affidavit @ ¶ 67.

The fact that the Defendants' inserted documents into the closing document they produced in response to plaintiff's request under RESPA, which were not included in Plaintiffs' copy, is fraud and a violation after the bankruptcy. *See Exhibits "M" and "U"*.

The fact that the Defendants have failed to respond to Plaintiff's RESPA request is another violation 12 USC § 2605 after the bankruptcy

The fact that defendants may have kept Plaintiffs' Mortgage in a REMIC after the bankruptcy is another violation after the bankruptcy.

The fact that the defendants tried to lulled the Plaintiff into committing a deceptive act in order to qualify for the HAMP after the bankruptcy is another violation of M.G.L. c. 93A § 2, TILA and Reg. Z.

That fact that the Defendants did not mitigated loss to the pool, by and through the Plaintiff, as prescribed by the Pooling and Service Agreement is a violation of their fiduciary

duties to the pool and the Plaintiff. By failing to do so has caused a breach of contract and perhaps defaulted the pool in which Plaintiffs' loan rest. Thereby signifying that Plaintiffs mortgage has been satisfied by way of a Credit Default Swap or some other insurance policy. This was an action Defendants were mandated to perform once Plaintiff filed for bankruptcy or defaulted on the loan. See 15 USC § 1639(a) Plaintiff has other documentation in his possession to support this.

The Defendants' RICO violation continues to occur and is an on going violation after the bankruptcy.

The Defendants Civil Conspiracy violations are ongoing and continue to occur after the bankruptcy. And so on.

The Defendants counsel would have this Honorable Court believe that the basis for their argument is that Plaintiffs claims, which occurred after the bankruptcy, are barred. Not only is this disingenuous, it is misleading and fraud upon the court.

The documents that would have lead to the violations in the first place were missing from the Plaintiffs original loan closing documents thereby hiding the true facts and violations, an act which the Defendants' are solely responsible for. See Exhibit "**M**" Plaintiffs copy and Exhibit "**U**" Defendants copy which was sent to Plaintiff in response to his RESPA request. Plaintiff incorporates these Exhibits by reference herein along with His other Exhibits attached to his Affidavit and Complaint and incorporates them by reference herein.

Further for Defendants' counsel to suggest Plaintiff's claims center around a single issue is false and misleading, and the suggestion that the Defendants are not a parties to the Note and Mortgage is also false and misleading. *See* 15 USC § 1602(f) Reg. Z § 226.2 n3. Liability, as it relates to rescission, attaches to assignees or servicers.

Furthermore if Defendants' are not parties to the note and mortgage, then how could they initiate a foreclosure proceeding? Defendants Motion to dismiss @ p.6 n2. Based on this premise, neither are they entitled to make a claim in regards to Plaintiffs' bankruptcy because the Defendants' admit they have no standing, not now and not on September 19, 2008.

Also @ p. 6 n2. Defendants' claim a number of Plaintiffs claims are time barred.

G.L. c. 93A § 2 (b) States: "It is the intent of the legislature that in construing paragraph (a) of this section in actions brought under sections four, nine and eleven, the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1), as from time to time amended".

Under the auspice of 15 USC § 1641(e) "A creditor may also violate TILA by engaging fraudulent, misleading, and deceptive practices that concealed the TILA violation occurring at the time of closing. Often consumers do not discover any violation until after they have paid excessive charges imposed by their creditors. Consumers who later learn of the creditor's TILA violations can allege an equitable tolling of the statute of limitations. When the consumer has an extended right to rescind or pursue other statutory remedies because a violation occurs, the statute of limitation for all the damages the consumers seek extend to three years from the date the violation is revealed". *McIntosh v. Irwin union Bank & trust Co., 215 F.R.D. 26, 30 (D. Mass. 2003).* The State Law Provides for a four year statute of limitations.

The Defendants' (by their own admission) cannot claim that Plaintiff should have dealt with the violation at His bankruptcy, because they are not the Creditors or the Lenders entitled to anything. Defendants' have no claim to Plaintiffs estate nor has any proof been

14

offered up that supports Defendants' are entitled to anything material. Defendants have admitted they are not a party to the Note and Mortgage in n2. supra.

Lastly, Defendants' counsel has failed pursuant to Local Rules Rule 7.1(b)(1) to submit an affidavit to support any facts on which His pleadings are based. Therefore nothing in the defendants pleadings can be held as true or evidence. If Counsel wants to give testimony then the Plaintiff has the right to place him on the stand, have Him sworn, and be given the opportunity to cross-examine counsel, or witness. If this Honorable Court allows Oral Arguments, Plaintiff demands that the Defendants adhere to the rules of evidence. Defendant's Counsel is either their attorney, or he is a witness, he cannot be both. Therefore Defendants must produce witnesses to testify and Plaintiff looks forward to the opportunity to finally get to ask questions and be given answers in return.

Also, Counsel (Neil Raphael) should be sanctioned, fined and disbarred from the Federal Forum for committing fraud upon the Court and presenting misleading statements to the Court. He is an officer of the court and has a duty to maintain the integrity of the Court. Whereas Plaintiff advised counsel to do an investigation and not let his clients run him afoul of the Court and Plaintiff informed counsel that he would give him His entire case. With the exception of a couple of aces He would keep to himself, Plaintiff was willing to assist in any way that might aid to a proper investigation and determine the best course of action for his clients. Further Plaintiff reminded counsel of Mass. Rules of Professional Conduct. He has chosen to disregard those Rules.

## **CONCLUSION**

For the foregoing reasons the Defendants' Motion to Dismiss should be denied and the case should be advanced to the Schedule Conference. Or in the alternative the Court finds for Plaintiff and Grants the requested relief.

Further Plaintiff Respectfully request that an order issue compelling Defendants to respond to Plaintiff's Qualified Written Request completely in accordance with 12 USC 2605(e). Plaintiff makes this request prior to the expiration of the sixty days because Defendants' have declined to answer further as evinced by attached letter dated April 21, 2010 ¶ 3. Without this information Plaintiff cannot properly Amend his Complaint and Motions this Honorable Court for an Extended time to Amend until such time as the documents and answers have been produced pursuant to the QWR.

Respectfully Submitted

/s/Robert P. Marley

Robert P. Marley, Pro-se
18 Lakeview Drive
Lynnfield, MA 01940

781-595-0685
C-781-844-3044
Marley0685@comcast.net

Dated: June 6, 2010

16

## Local Rule 7.1(a)(2)
## Certificate and Certificate of Service

I, Robert P. Marley, hereby certify pursuant to the above Rule that that service has been made on the Defendants' by sending same by e-mail as agreed to by Counsel. Further Plaintiff certifies parties have conferred but that no real effort was made to resolve the issues.

The herein documents shall be file with the Court on June 7, 2010

/s/Robert P. Marley
Robert P. Marley, Pro-se