UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10885-GAO

ROBERT P. MARLEY,
Plaintiff,

v.

BANK OF AMERICA, COUNTRYWIDE FINANCIAL, COUNTRYWIDE HOME LOANS, INC., (nominal defendant), JOHN DOES APPRAISAL SERVICES, JOHN DOE TITLE INSURANCE CORPORATION as Title Agent, Closing Agent, Title Insurance Carrier, and Nominal Trustee on Deed of Trust, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), JOHN DOE REPORTING SERVICES, JOHN OR JANE DOES 1-1000, Unknown Investors, JOHN ROES 1-10, Being Undisclosed Mortgage Aggregators (Wholesalers), Mortgage Originators, Loan Seller, Trustee of Pooled Assets, Trustee for Holders of Certificates of Collateralized Mortgage Obligations, JOHN OR JANE DOES, as Investment Banker, et al., Individually, Jointly and Severally,
Defendants.

OPINION AND ORDER
December 16, 2010

O'TOOLE, D.J.

The plaintiff, Robert P. Marley, acting pro se, filed suit in the Massachusetts Superior Court against the defendants, various financial institutions and unknown entities and individuals, who subsequently removed the case to this Court. He alleges that the defendants employed unfair and deceptive lending practices when the plaintiff financed his real property. The plaintiff asserts violations of Massachusetts General Laws chapter 93A, the Home Ownership Equity Protection Act, the Real Estate Settlement Procedures Act, the state and federal Truth in Lending Acts, the Fair Credit Reporting Act, the civil Racketeer Influenced and Corrupt Organizations Act, as well as claims of fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, civil conspiracy, and usury and fraud. The defendants have moved to dismiss the complaint.

**I.    Background**

On December 3, 2004, the plaintiff executed an adjustable rate note in the amount of $468,000, and as security for the loan, executed and granted Omega Mortgage Corporation a mortgage on his property, 18 Lakeview Drive in Lynnfield, Massachusetts.[1]

In September 2008, the plaintiff, represented by counsel, filed for chapter 7 bankruptcy.[2] The plaintiff filed a schedule of assets and liabilities required by 11 U.S.C. § 521(a)(1). The filing did not refer to any claims against the defendants now named in this action. The plaintiff was granted a discharge on December 30, 2008.

The plaintiff filed his present complaint on May 13, 2010. The defendants removed to this Court on May 26, 2010.

**II.    Discussion**

In their motion to dismiss, the defendants argue that the plaintiff should be estopped from raising claims against them that he did not schedule in the bankruptcy proceedings. Admittedly, the plaintiff did not schedule any of the claims involved in this action with the bankruptcy court.

The defendants are correct that the plaintiff should have scheduled those claims which had accrued prior to his filing for bankruptcy pursuant to 11 U.S.C. § 541(a)(1). For instance, most of his claims appear to arise solely out of the lending transaction in which the plaintiff was involved in 2004, years before he filed for bankruptcy.

---

[1] According to the plaintiff, there were significant problems with the transaction that are now at issue in this suit. Although the Court accepts the plaintiff's allegations as true for the purposes of a motion to dismiss, see Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996), it is not necessary to recite the allegations in detail at this point.

[2] The Court takes judicial notice of the bankruptcy proceedings. See Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

However, to apply the doctrine of judicial estoppel, an equitable device, would possibly paint with too broad a stroke at this stage. See Brooks v. Beatty, No. 93-1891, 1994 WL 224160, at *2-3 (1st Cir. May 24, 1994). The defendant relies on Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.), Inc., 989 F.2d 570 (1st Cir. 1993), in support of its estoppel argument, but in that case, the plaintiff had engaged in a "palpable fraud" in its apparent strategy to "conceal [its] claims, get rid of [its] creditors on the cheap, and start over with a bundle of rights." Id. at 571. Here, there is no indication that the plaintiff is "playing fast and loose with the courts" or intentionally contradicted himself to gain an unfair advantage in bankruptcy court. See Patriot Cinemas, Inc. v. Gen. Cinemas Corp., 834 F.2d 208, 212 (1st Cir. 1987).

Nevertheless, as the defendants note, the plaintiff lacks standing to prosecute causes of action which accrued prior to the filing of the bankruptcy petition as they should have been scheduled as assets in his chapter 7 bankruptcy proceeding. Those causes of action became the property of the chapter 7 estate, see Brooks, 1994 WL 223160, at *3 (citing Carlock v. Pillsbury Co., 719 F. Supp. 791, 856 (D. Minn. 1989)), and, because of the plaintiff's failure to schedule them, were never abandoned by the trustee, see 11 U.S.C. § 554(c)-(d). Therefore, they are still property of the estate. See id. § 554(c)-(d); Jeffrey v. Desmond, 70 F.3d 183, 186 n.3 (1st Cir. 1995) ("[B]y operation of 11 U.S.C. § 554(c) and (d), any asset not properly scheduled remains property of the bankrupt estate, and the debtor loses all rights to enforce it in his own name.").

This is not necessarily a death knell for the plaintiff's ability to pursue his claims. Pursuant to Rule 5010 of the Federal Rules of Bankruptcy Procedure, the plaintiff may file a motion in the bankruptcy court to reopen his bankruptcy case so as to schedule his claims against the defendants. See Locapo v. Colsia, 609 F. Supp. 2d 156, 161 (D. Mass. 2008) (citing Brooks, 1994 WL 233160, at *3). If the bankruptcy court allows the motion, the trustee can then

determine the proper course with regard to the claims. See id. It is possible, for instance, for the trustee to abandon the claims to the plaintiff, who may then try to pursue them on his own.

In order to permit the plaintiff to attempt to reopen his bankruptcy proceeding and amend his schedule of assets to include claims that should have originally been disclosed, these proceedings shall be stayed for ninety (90) days. The defendants' Motion to Dismiss (dkt. no. 6) is DENIED without prejudice to renewal if the plaintiff is unsuccessful at opening his bankruptcy proceedings within ninety days or continues to assert claims that were not, but should have been, scheduled in bankruptcy court. The plaintiff's motions, including the Motion to Compel (dkt. no. 18), Motion for Leave to File Reply Brief (dkt. no. 20), Motion for Appointment of Counsel (dkt. no. 21), Motion for Permission to Use Electronic Filing System (dkt. no. 23), and Motion for Leave to File First Amended Complaint (dkt. no. 24) are similarly DENIED without prejudice at this time.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge