UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10885-GAO

ROBERT P. MARLEY,
Plaintiff,

v.

BANK OF AMERICA, COUNTRYWIDE FINANCIAL, COUNTRYWIDE HOME LOANS,
INC., (nominal defendant), JOHN DOES APPRAISAL SERVICES, JOHN DOE TITLE
INSURANCE CORPORATION as Title Agent, Closing Agent, Title Insurance Carrier, and
Nominal Trustee on Deed of Trust, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC. (MERS), JOHN DOE REPORTING SERVICES, JOHN OR JANE DOES 1-1000,
Unknown Investors, JOHN
ROES 1-10, Being Undisclosed Mortgage Aggregators (Wholesalers), Mortgage Originators,
Loan Seller, Trustee of Pooled Assets, Trustee for Holders of Certificates of Collateralized
Mortgage Obligations, JOHN OR JANE DOES, as Investment Banker, et al., Individually,
Jointly and Severally,
Defendants.

OPINION AND ORDER
March 13, 2012

O'TOOLE, D.J.

The plaintiff's original complaint filed in state court asserted claims that existed prior to

his Chapter 7 bankruptcy and discharge. After removing the case here, the defendants moved to

dismiss that complaint on the ground that the claims should have been scheduled in the

bankruptcy but were not, with the consequence that the plaintiff was estopped from asserting

them in this forum. The motion to dismiss was denied without prejudice, and the plaintiff was

granted leave to seek to reopen the bankruptcy proceedings or to assert claims that were not

barred by the failure to identify them in the bankruptcy. His motion to reopen was denied by a

bankruptcy judge. He then sought and was granted leave here to file an amended complaint. In

his amended complaint, his claims are completely different from the ones first asserted; he relies only on post-bankruptcy events.

The defendants have moved to dismiss the amended complaint, and the plaintiff, who is proceeding pro se has opposed that motion.

After careful review of the parties' lengthy submissions, the defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

I.   **Discussion**

A.   Federal Claims

Four of the nine counts in the amended complaint allege claims arising under federal law. Count II alleges a claim under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq.; counts III and VI allege claims under the Truth and Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; and count VII alleges a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

*i. Violation of the Equal Credit Opportunity Act ("ECOA")*

The plaintiff's discharge in bankruptcy relieved him of his personal liability under the mortgage note, but the mortgage itself remained an enforceable lien. Marley continued making payments to forestall any attempt at foreclosure. In 2009, he tried to apply for a loan modification on three separate occasions. He alleges that he did not get notice of an "adverse action" on his applications within 30 days as required by the ECOA. See 15 U.S.C. § 1691(d)(6).

Section 1691(d)(6), defining "adverse action," excludes from the definition "a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default." Id. Marley's bankruptcy constituted a default under the original note. For this reason, the failure to notify him of a refusal to modify the loan by extending additional credit

was not a failure to notify him of an adverse action in violation of the statute. See also 12 C.F.R. § 202.2(c)(2)(ii) (an adverse action does not include "[a]ny action or forbearance relating to an account taken in connection with inactivity, default, or delinquency as to that account.") Even if a person in Marley's position could apply for a modification under the HAMP, that possibility did not work a redefinition of "adverse action" as expressed in § 1691(d)(6).

ii.     *Truth In Lending Act Claims*

The plaintiff has brought two claims, Counts III and VI, against the defendants alleging violations of TILA. In substance, Marley alleges that, following the sale of his mortgage from one defendant to another, the latter was required by law to notify him of that sale within 30 days. The relevant section of TILA requires that if a "mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. §1641(g). Similarly, Massachusetts law requires that "any person that becomes a covered person as defined in 209 CMR 32.39 shall mail or deliver the disclosures required . . . to the consumer on or before the 30th Calendar day following the acquisition date." 209 CMR 32.39.

The defendant BONY claims that because the plaintiff was discharged from personal liability under the note, he should no longer be considered a "borrower" entitled to notice under the statute. "Borrower" is not a statutorily defined term. On the other hand, "mortgage loan" is defined as "any consumer credit transaction that is secured by the principal dwelling of a consumer." This appears intentionally broad, and it counsels for a correspondingly broad interpretation of who is a "borrower" entitled to notice of the sale of the "mortgage loan." A mortgagor, even if no longer personally liable on the note, should qualify. These counts are adequately pled and therefore will not be dismissed.

### iii.    *Fair Debt Collection Practice Act Violation*

In Count VII, the plaintiff alleges that on February 16, 2010, one of the defendants "attempted to collect on a nonexistent debt with the threat of foreclosure" in violation of the FDCPA, 15 U.S.C. § 1692. The FDCPA was enacted to eliminate "abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses" Id., § 1692(e). "To trigger the protections of the [FDCPA], the funds at issue must constitute a debt, and the challenged activity must be conducted by a party that falls within the statutory definition of 'debt collector.'" Skerry v. Mass. Higher. Educ. Assistance Corp., 73 F. Supp. 2d 47, 51 (D. Mass. 1999).

The FDCPA defines a debt collector as "any individual in a business whose principal purpose  . . . is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due to another." Chiang v. Verizon New England, 595 F.3d 26, 41 (1st Cir. 2010) (quoting 15 U.S.C. § 1692(a)(6)). However, the statute excludes as a debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692(a)(6)(F)(iii).

Count VII does not state a claim for a violation of the FDCPA. A foreclosing entity that is enforcing a security interest is not a debt collector for the purposes of the FDPCA. See Speleos v. BAC Home Loans Servicing, L.P., No. 10-11503, 2011 WL 4899982, at *5-6 (D. Mass. 2011 Oct. 14, 2011); Montgomery v. Huntington Bank, 346 F.3d 693, 700-01 (6th Cir. 2003); Bentley

v. Bank of Am., N.A., 773 F. Supp. 2d 1367, 1371 (S.D. Fla. Mar. 23, 2011). Here, the foreclosing party obtained its interest in the loan prior to a default.

Further, "nearly every court that has addressed the question has held that foreclosing on a mortgage is not a debt collection activity for the purposes of the FDCPA." Beadle v. Haughey, No. Civ. 04-272-SM, 2005 WL 30060, at *3 (D.N.H. 2005); see also Warren v. Countrywide Home Loans, Inc., 342 Fed. Appx. 458, 461 (11th Cir. 2009); Trent v. Mortgage Elect. Registration Sys. Inc., 618 F. Supp. 2d 1356, 1360-62 (M.D. Fla. 2007). Count VII must be dismissed.

> B.    State Law Claims

> *i. Breach of Implied Covenant of Good Faith and Fair Dealing*

The plaintiff alleges that the Bank of America breached its duty to "adhere to HAMP Contracts, Manuals and Supplemental Guidelines." (Pl.'s Compl. 65 (dkt. no. 32).) The plaintiff's claim is premised on the Bank's alleged failure to fulfill its contractual obligations under the Servicer Participation Agreements ("SPAs") with the federal government.

There is no private right of action to enforce HAMP. "By delegating compliance authority to one entity, Freddie Mac, Congress intended that a private cause of action was not permitted." Marks v. Bank of Am. N.A., No. 10–08039, 2010 WL 2572988, at *4, *7 (D.Ariz. June 22, 2010); see also Stagikas v. Saxon Mortg. Servs., Inc., 795 F. Supp. 2d 129, 135 (D. Mass. 2010).

The plaintiff has attempted to circumvent this barrier by bringing a contractual claim for a breach of the implied covenant of good faith and fair dealing. "[T]he implied covenant of good faith and fair dealing governs the conduct of the parties after they have entered into a contract; without a contract, there is no covenant to be breached. Mass. Eye & Ear Infirmary v. QLT

Phototherapeutics, Inc., 412, F.3d 215, 230 (1st Cir. 2005). Thus, in order to adequately state a claim on this ground, the plaintiff would need to show that he was a third party beneficiary to the SPA. Courts have frequently held that borrowers are not third party beneficiaries of the SPA. See In re Bank of Am. Home Affordable Modification Program Contract Litig., 2011 WL 2637222 at, *3 ("Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary") (internal citation omitted). The plaintiff has not set forth anything which illustrates that he was intended to be a beneficiary to the government contract. See Astra USA, Inc. v. Santa Clara County, 131 S. Ct. 1342, 1347-8 (private right of action for violation of a federal statute "must ultimately rest on congressional intent to provide a private remedy") (quoting Virginia Bankshares Inc. v. Sandberg, 501 U.S. 1083, 1102 (1991)). Count IV must be dismissed.

### ii. Negligence

To state a claim for negligence, the plaintiff must allege that the defendant 1) owed a legal duty to the plaintiff; 2) breached that duty; and 3) was the proximate or legal cause of; 4) actual damage or injury. Jorgenson v. Mass. Port. Auth., 905 F. 2d 515, 522 (1st Cir. 1990). The plaintiff alleges negligence, claiming that the defendants had a duty to evaluate the plaintiff's loan modification applications within 30 days. The short answer is that the HAMP regulations do not impose a state tort law duty of care. See Brown v. Bank of America Corp., 2011 WL 1311278 at *4 (D. Mass. 2011). Count V must be dismissed.

### iii. Massachusetts General Laws Chapter 93A Claims

In Count I of his Complaint, the plaintiff alleges that the defendants committed unfair and deceptive practices and made false and misleading statements in violation of Massachusetts General Laws Chapter 93A ("93A"). To prevail on a 93A claim, "a plaintiff must establish both

that an unfair or deceptive act or practice has been committed and that the commission of that act or practice has caused an injury." <u>Vaughn v. AAA</u>, 326 F. Supp. 2d 195, 199 (D. Mass. 2004). There must be a "causal connection" between the deceptive act and the injury or loss. <u>Casavant v. Norweigan Cruise Line Ltd.</u>, 952 N.E. 2d 908, 912 (Mass. 2011).   Further, "the complaint must demonstrate unfairness to the degree of factual detailed required by <u>Iqbal</u> and <u>Twombly</u>." <u>Morris v. BAC Home Loans Servicing, L.P.</u>, 775 F. Supp. 2d at 255 (D. Mass. 2011).

Here, the plaintiff has not met this burden. The plaintiff's allegations do not demonstrate unfairness, but rather "minor delay or trivial clerical flaws," which do not rise to the level of a 93A claim. <u>Id.</u> In facts similar to those here, the plaintiffs in <u>Morris</u> alleged that the defendants ignored or failed to evaluate their HAMP application and that they did not timely provide the appropriate notifications. <u>Id.</u> The court noted that, without further detail demonstrating actual unfairness to the plaintiff's, such allegations were of the type that could not give rise to a 93A violation. <u>Id.</u> Even taking the plaintiff's allegations as true, the technical violation of HAMP as alleged does not rise to the level of unfairness that is necessary to sustain a 93A claim.

Marley also alleges that a bank agent implied that he should not make his monthly loan payment. The plaintiff refused this alleged request. Taking the plaintiff's allegation as true, the plaintiff has not shown how this alleged statement injured him since he declined to follow the advice. Count I must be dismissed.

C.    <u>Declaratory Judgment and Action to Quiet Title</u>

In Count VIII, the plaintiff alleges that none of the defendants have the right to enforce the plaintiff's mortgage note and, therefore, none of the defendants have the right to foreclose on his property. The plaintiff seeks a declaratory judgment to this affect and a ruling from the Court

declaring the note and mortgage as void. In Count IX, the plaintiff claims that he is entitled to quiet title to the property in question.

With regard to the declaratory relief claim, the plaintiff's main argument is that because none of the defendants hold both the note and mortgage, none can foreclose. The plaintiff's inaccurately characterizes the law of Massachusetts. "[t]he Massachusetts statute governing foreclosure sales is addressed to mortgagees, not note holders." Valerio v. U.S. Bank, N.A., 716 F. Supp. 2d 124, 128 (D. Mass. 2010).

The plaintiff fares no better in his quiet title action. "In a title theory state like Massachusetts, a mortgagor does not in fact hold legal title to the mortgaged property. Rather, the mortgagee holds the title. The mortgagor possesses only an equitable title to the property so long as the debt remains unpaid." Oum v. Wells Fargo, No. 11-11663, 2012 WL 390271, at * 3 (D. Mass. Feb. 8, 2012) (internal citation omitted). Further, "[a] quiet title action requires the plaintiff 'not merely to demonstrate better title to the locus than the defendants possess, but requires the plaintiff to prove sufficient title to succeed in its action.'" Bevilacqua v. Rodriguez, 955 N.E. 2d 884, 890 (Mass. 2011). It follows that "a quiet title action is not an avenue open to a mortgagor whose debt is in arrears because, until the mortgage is discharged, the title necessarily remains under a cloud." Oum, 2012 WL 390271, at *3.

## II.   Conclusion

For the foregoing reasons, the Defendants' Motion (dkt. no. 45) to Dismiss is GRANTED as to Counts I, II, IV, V, VII, VIII, and IX but DENIED as to the TILA claims in Counts III and VI.

It is SO ORDERED

/s/ George A. O'Toole, Jr.
United States District Judge