Robert P. Marley
18 Lakeview Drive
Lynnfield, MA 01940
781-844-3044
Marley0685@comcast.net

FILED
IN CLERKS OFFICE

2012 JUN 25  A 11: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

Neil Raphael, Esq.
Raphael LLC
One Liberty Square
12th Floor
Boston, MA 02109
Phone: 617-542-7999
Fax: 617-307-4486
NRaphael@Raphaelllc.com

Honorable George O'Toole, Jr.,
1 Courthouse Way
Boston, Massachusetts 02210
(617) 748-9152

Dated: June 25, 2012

RE: Marley v. Bank of America, et al, 1:10-cv-10885-GAO

Dear Hon. Judge O'Toole:

I respectfully write this letter in light of the Ruling in the Eaton case handed down by the Supreme Judicial Court of Massachusetts on June 22, 2012 in further support of my motion for reconsideration as it is new precedent law. See Eaton attached herewith.

For clarification I would point out that in my case, pursuant to M.G.L. c. 244 § 17B, no formal notice was ever sent to me by certified mail and as counsel, Neil Raphael, has pointed out many times, there has been no foreclosure action on my property. Respectfully, with that said, I fall under the protection of the ruling in Eaton and the National Mortgage Settlement.

I asked this Honorable Court to hold in abeyance any ruling in my case until Eaton was decided. I knew the SJC would logically find (as I argue in my case based on the law), that without the Note, the Mortgage would be unenforceable and a naked mortgagee could not foreclose, as centuries of Black Letter Law and Statutes dictates in this State. Moreover, that the law also dictated the Mortgagee also had to have a legal attachment to the Note, to deem otherwise would be illogical.

Respectfully, the SJC has clarified the erroneous rulings, In re Marron, Valerio, McKenna, Aliberti and Peterson, inter alia, handed down in the Federal Forum and

1

singled these cases out in footnote [10] & [21]. Had the Court granted my request and held in abeyance any ruling until Eaton came down, the Court would have had guidance from the High Court of Massachusetts on the issue and would have ruled in accord with the SJC.

> "For the reasons we discuss herein, we conclude as follows. A foreclosure sale conducted pursuant to a power of sale in a mortgage must comply with all applicable statutory provisions, including in particular G.L. c. 183, § 21, and G.L. c. 244, § 14. These statutes authorize a "mortgagee" to foreclose by sale pursuant to a power of sale in the mortgage, and require the "mortgagee" to provide notice and take other steps in connection with the sale. The meaning of the term "mortgagee" as used in the statutes is not free from ambiguity, **but we now construe the term to refer to the person or entity then holding the mortgage and also either holding the mortgage note or acting on behalf of the note holder**." P. 2.
>
> "In accordance with these principles, and against the background of the common law as we have described it in the preceding section, **we construe the term "mortgagee"** in G.L. c. 244, § 14, **to mean a mortgagee who also holds the underlying mortgage note**. [FN20], [FN21] The use of the word "mortgagee" in § 14 has some ambiguity, but the interpretation we adopt is the one most consistent with the way the term has been used in related statutory provisions and decisional law, and, more fundamentally, the one that best reflects the essential nature and purpose of a mortgage as security for a debt. [FN22] See Negron v. Gordon, 373 Mass. at 204, and cases cited; Maglione v. BancBoston Mtge. Corp., 29 Mass.App.Ct. at 90, and cases cited. See generally Restatement (Third) of Property (Mortgages) § 1.1 comment (1997) ("The function of a mortgage is to employ an interest in real estate as security for the performance of some obligation.... **Unless it secures an obligation, a mortgage is a nullity**"). [FN23], [FN24]" P.6. (Emphasis added)

Based on the ruling in Eaton, and the fact that I cited many of the cases and the statute's the SJC relied on in reaching its decision, again, I respectfully request Your Honor, that you reconsider your previous ruling and allow all my claims to move forward and grant me formal discovery and an evidentiary hearing on the issue of standing. More importantly, I would like to air the fraud that has been committed on the Court, the public record and me.

I know I have given you much to read, the issues are complex and to understand me, and my arguments, as best I can make them, I felt you needed to read what I have read.

I have attached herewith an Amicus Brief I have filed in the SJC on the Matt case; this argument is universal and is applicable to all securitized mortgages because all the violations are the same in every instance. I include this for you because these are my arguments briefly. If I must appeal in the instant action before this Court, these will be my arguments inter alia, and I think it only fair to share them with you now.

I raised all these issues in the instant action before this Honorable Court. The defendants in my case have absolutely no standing in the purported Note and Mortgage and can never have standing whereas the law prohibits it. The fraud they have committed in their attempts to attach themselves to the Note and Mortgage is criminal and outrageous. The defendants would have to have a legal demonstrable right in the note (obligation) to enforce the terms of the mortgage in order to foreclose and they do not have any legal rights in the Note or the Mortgage, which would or could make them, a mortgagee by assignment. A [n]aked mortgagee cannot foreclose in Massachusetts as I have stated in my pleadings before this Court and the SJC has reaffirmed that point once again in Eaton.

More importantly your Honor, because they never perfected their interest prior to my bankruptcy, they have none now. The debt, if there ever was a legal obligation, has been extinguished as a matter of law and there exist no enforceable obligation and they cannot attach themselves to the obligation now as they have waived any rights they might have had had they perfected their interest prior to the bankruptcy petition or 30-days thereafter. Prior to my bankruptcy, the purported obligation was all but satisfied and the mortgage in Massachusetts is defeasible upon the payment.

I did not create this mess, they did and the wrongdoer shall bear the brunt of their own wrongdoings. Any ambiguities that may exist must be resolved in my favor, not the defendants.

Kindly reconsider your previous ruling, reinstate my dismissed claims, and allow me my day in court and order the defendants to demonstrate their standing in the note and mortgage through foundational evidence. They must prove and produce and unbroken chain of assignments in the note and for every assignment of the note—because the mortgage does not automatically follow the note here in Massachusetts—an assignment and recording of the mortgage demonstrating they perfected their interest over any existing recorded mortgage every time the note was assigned and sold. In other words, there must be a complete chain of assignments in the mortgage as well as the note from the first assignee to the last. i.e., if there were an assignment of the note from Omega to Countrywide, then there had to have been an assignment and a recording of the mortgage, if there were an assignment of the note from Countrywide to CWMBS, Inc. then there had to have been an assignment of mortgage and recording, etc.

3

In order to perfect title every time, there had to be a recording in the public record to perfect title over the previous recording, otherwise there is no perfection of title. Whereas, in Massachusetts, an assignment of mortgage is the transfer of land and it must be recorded in the registry of deeds to take **priority** over the prior existing mortgage assignment that gives the new owner of the note and mortgage priority over the previous owner. "Like a sale of land itself, the assignment of a mortgage is a conveyance of an interest in land that requires a writing signed by the grantor. See G. L. c. 183, § 3; Saint Patrick's Religious, Educ. & Charitable Ass'n v. Hale, 227 Mass. 175, 177 (1917). In a "title theory state" like Massachusetts, a mortgage is a transfer of legal title in a property to secure a debt. See Faneuil Investors Group, Ltd. Partnership v. Selectmen of Dennis, 458 Mass. 1, 6 (2010)."

The creation of MERS and the bankers' private tracking system does not usurp our State Laws. Moreover, these REMIC Trusts are not MERS Members and therefore, the mortgage could not remain in the tracing system once the mortgage purportedly sold to the Trust and therefore, MERS had no authority to assign the Mortgage 6-years late and they certainly had no authority to assign the NOTE at any time. The assignments are nullities, void in fact, and law.

Whereas counsel for the defendants, Neil Raphael, has stated to me that he is in possession of the original mortgage file, I also wish to have every original document the defendants produce as evidence carbon dated at my expense because the ink on the documents must date back to December 2004. Carbon dating is an effective way to determine whether the defendants are submitting original wet ink documents or forged copies of the assignments, notes and mortgages. Knowingly committing fraud upon a Federal Court carries a 30-year prison sentence and a million dollar fine. In the alternative, the Court could send them to the FBI lab for a forensic examination and preserve the chain of evidence. The Note is a security instrument, and carries with it the same protections as a 100-dollar bill, and making a copy of such to deprive someone of their property, is counterfeiting, inter alia and a crime punishable by imprisonment.

Again, I beg your indulgence and your continued patience with me as a pro-se litigant.

Respectfully yours

/s/Robert P. Marley

Robert P. Marley, pro-se
18 Lakeview Drive
Lynnfield, MA 01940
781-844-3044
Marley0685@comcast.net

Cc: Neil Raphael

## Certification

I, Robert P. Marley, hereby certify that I have served a true copy of this letter and attachments on the defendants by send the same to defendants counsel, Neil Raphael, on this 25 day of June 2012.

Robert P. Marley