

Neil D. Raphael
617.542.7999
nraphael@
raphaelllc.com

RAPHAEL LLC
Counselors at Law
1 Liberty Square
Boston, MA 02109
T: 617.542.7900
F: 617.307.4486

July 13, 2012

**BY ECF**

The Honorable George A. O'Toole, Jr.
United States District Court
 for the District of Massachusetts
United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02110

Re:  **Robert P. Marley v. Bank of America, et al.**
     **(D. Mass. Civ. No. 10-10885-GAO)**

Dear Judge O'Toole:

Defendants Bank of America, N.A., BAC Home Loans Servicing LP (collectively, "Bank of America"), Bank of New York Mellon, Trustee of CWMBS CHL Mortgage through Certificate 2004-29 ("BONY"), Mortgage Electronic Registration Systems, Inc., and Merscorp, Inc. (collectively, "Defendants") submit this letter in response to Plaintiff Robert P. Marley's June 25, 2012 letter to the Court ("Letter").

Plaintiff submits that the Massachusetts Supreme Judicial Court's recent decision, *Eaton v. Federal National Mortgage Association*, No. SJC-11041, 2012 Mass. LEXIS 488 (Mass. June 22, 2012) supports his Motion for Reconsideration (Docket No. 64).

*Eaton* is inapposite here for several reasons. First, the holding in *Eaton* does not support Plaintiff's arguments that the mortgage is somehow a nullity or address the issue of "standing" as to a note or mortgage. Rather, *Eaton* applies only prospectively and dictates what entity may foreclose on a mortgage. *Eaton*, 2012 Mass. LEXIS 488, at *3 ("[W]e exercise our discretion to treat the construction announced in this decision as a new interpretation of the relevant statute, only to apply to foreclosures under the power of sale where statutory notice is provided after the date of this decision."). Second, there can be no violation of *Eaton* here because, as Plaintiff concedes (Letter, at 1), no foreclosure proceedings have taken place as to Plaintiff's property. Finally, even if *Eaton* did apply here, the Supreme Judicial Court did not prohibit a loan servicer from foreclosing on behalf of the note holder. *See Eaton*, 2012 Mass. LEXIS 488, at *3 (the term "mortgagee" as used in the foreclosure statutes refers "to the person or entity then holding the mortgage ***and also either holding the mortgage note or acting on behalf of the note holder***.") (emphasis added). Thus, under *Eaton*, Bank of America—the loan servicer[1]—has authority to foreclose on Plaintiff's property on behalf of the note holder. Further, as explained

---

[1] Plaintiff admits that BANA is the servicer of his loan. *See First Amended Verified Complaint (¶249).*

in Defendants' Opposition to Plaintiff's Motion for Reconsideration (Docket No. 66, at 8-9), the Bankruptcy Code allows Bank of America, as loan servicer, to pursue relief as to the property under its provisions. For example, Bank of America has the right to contact Plaintiff and seek periodic payments from Plaintiff associated with the security interest in lieu of pursuing in rem relief to enforce the lien on the property pursuant to 11 U.S.C. § 524(j). To date, Bank of America has sought those payments and not pursued foreclosure on behalf of the mortgagee and note-holder despite Plaintiff not having made a payment in two years while he continues to reside in this property. *Eaton* does not alter Bank of America's right to pursue such relief under the Bankruptcy Code or foreclose on behalf of the current mortgagee and note-holder.

Very truly yours,

*/s/ Neil D. Raphael*

Neil D. Raphael

cc: Robert P. Marley
    18 Lakeview Drive
    Lynnfield, MA 01940