UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10885-GAO

ROBERT P. MARLEY,
Plaintiff,

v.

BANK OF AMERICA, COUNTRYWIDE FINANCIAL, COUNTRYWIDE HOME LOANS, INC., (nominal defendant), JOHN DOES APPRAISAL SERVICES, JOHN DOE TITLE INSURANCE CORPORATION as Title Agent, Closing Agent, Title Insurance Carrier, and Nominal Trustee on Deed of Trust, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), JOHN DOE REPORTING SERVICES, JOHN OR JANE DOES 1-1000, Unknown Investors, JOHN ROES 1-10, Being Undisclosed Mortgage Aggregators (Wholesalers), Mortgage Originators, Loan Seller, Trustee of Pooled Assets, Trustee for Holders of Certificates of Collateralized Mortgage Obligations, JOHN OR JANE DOES, as Investment Banker, et al., Individually, Jointly and Severally,,
Defendants.

OPINION AND ORDER
September 25, 2012

O'TOOLE, D.J.

Both parties have filed motions to reconsider (dkt. nos. 60 and 64) portions of the Court's March 13, 2012 order on defendants' motion to dismiss the plaintiff's First Amended Complaint.

The plaintiff's motion is DENIED. Neither the Massachusetts Supreme Judicial Court's decision in Eaton v. Federal National Mortgage Association, 969 N.E.2d 1118 (Mass. 2012) nor the National Mortgage Settlement alters the Court's reasoning. The settlement does not change or affect Massachusetts law, and in Eaton the court specifically stated that the decision was to be applied only prospectively. The other reasons advanced are either old arguments rehashed or new arguments that should have been made earlier.

The plaintiff has also moved for leave to file a supplemental complaint (dkt. no. 54). This motion is DENIED. This new, fifty-four page complaint raises claims relating to the loan origination and the original mortgage. These claims were waived when the plaintiff did not schedule them with the bankruptcy court. See Marley v. Bank of America, 2010 WL 5207584 (D. Mass. December 16, 2010). Furthermore, the plaintiff's claims under the Fair Debt Collection Practices Act have already been dismissed by this court. See Marley v. Bank of America, 2012 WL 847374 at *2-3 (D. Mass. March 13, 2012).

The defendant Bank of New York moves to reconsider the Court's denial of the motion to dismiss as to Counts III and VI of the Amended Complaint. Count III alleges a violation by Bank of New York of the Truth in Lending Act ("TILA"), and Count VI alleges a violation of TILA's Massachusetts counterpart. I have reconsidered the matter and, on reconsideration, I am persuaded that the expansive interpretation given the term "borrower" in the prior order is not correct. The evident purpose of the notice provision in 15 U.S.C. § 1641(g) and the Massachusetts cognate is to facilitate communication between a borrower who is liable on the debt and the new creditor. The purpose of the statute is not advanced by including within the term "borrower" a person who once was but no longer is liable on the debt, whether by reason of discharge in bankruptcy or otherwise. Accordingly, I agree with the defendants that, because the plaintiff had been discharged on the debt, he was not a "borrower" within the scope of the notice requirement of § 1641(g). Moreover, for purposes of both § 1641(g) and 209 C.M.R. § 32.39, after the discharge there was no longer a "mortgage loan" outstanding to which the notice requirements could apply.

Accordingly, the plaintiff's Motion for Reconsideration (dkt. no. 64) and Motion for Leave to File (dkt. no. 54) are DENIED. The defendants' Motion for Reconsideration (dkt. no. 60) is GRANTED. Counts III and VI are DISMISSED. Judgment shall enter dismissing all claims of the amended complaint against all defendants.

It is SO ORDERED.

                                              /s/ George A. O'Toole, Jr.
                                              United States District Judge