# United States Court of Appeals
## For the First Circuit

No. 12-2391

ROBERT P. MARLEY,

Plaintiff, Appellant,

v.

BANK OF AMERICA, N.A., a/k/a BAC HOME LOANS SERVICING LP., ET AL.,

Defendants, Appellees,

JOHN DOE REPORTING SERVICES, ET AL.,

Defendants.

Before

Lynch, Chief Judge,
Torruella and Thompson, Circuit Judges.

**JUDGMENT**
**Entered: January 8, 2014**

    The appellant, Robert Marley ("Marley"), appeals pro se from the district court's dismissal of all counts in his amended complaint under Fed. R. Civ. P. 12(b)(6), and from the district court's decision denying Marley's motion to supplement his amended complaint. For the following reasons, we affirm the judgment of dismissal of Marley's amended complaint, and the district court's decision to deny Marley's motion to supplement his amended complaint.

    In his opening brief, Marley has not challenged the district court's dismissal of any of the federal statutory claims asserted in Counts II, III, VI and VII of the amended complaint, and these claims are therefore waived. See Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 239 (1st Cir. 2013) ("We have repeatedly held, with a regularity bordering on the monotonous, that arguments not raised in an opening brief are waived.") (internal quotation marks and citation omitted); DeCaro v. Hasbro, Inc., 580 F.3d 55, 64 (1st Cir. 2009) ("It is common ground that contentions not advanced

in an appellant's opening brief are deemed waived."). Likewise, Marley's brief advances a single sentence regarding claims for unjust enrichment, fraud and violations of Mass. Gen. L. ch. 93A. See Appellant's Brief at 31. We therefore also deem these claims waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

Marley's brief mainly challenges the district court's decision dismissing Count VIII, which sought a declaration that none of the defendants in this action has the authority to foreclose on Marley's residential property, and Count IX, which sought to quiet title on the property. "We review an order of dismissal for failure to state a claim de novo, and may affirm on any basis apparent in the record." Lemelson v. U.S. Bank Nat'l Ass'n, 721 F.3d 18, 21 (1st Cir. 2013).

We affirm the district court's dismissal of Marley's quiet title action substantially for the reasons stated by the district court in its decision dated March 13, 2012. See Marley v. Bank of America, No. 10-cv-10885-GAO, 2012 WL 847374, at *5 (D. Mass. Mar. 13, 2012). Even if we construed the claim as one asserted under the Massachusetts try-title statute, see Mass. Gen. L. ch. 240, §§ 1-5, as Marley suggests, we have recently held that "[u]ncertainty as to who holds a valid mortgage does not provide the requisite adversity to cloud a mortgagor's claim of equitable title" under the try-title statute. Lemelson, 721 F.3d at 24 n.7.

Otherwise, Marley sought in Count VIII a declaration that the defendants lacked the authority to foreclose based, among other things, on his allegation that no defendant possesses the promissory note. We acknowledge that the holding in Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 969 N.E.2d 1118 (2012), would govern any future efforts to foreclose: in Eaton, the Massachusetts Supreme Judicial Court determined that its interpretation of the term "mortgagee" in Mass. Gen. L. ch. 244, § 14, and related statutory provisions would apply prospectively "only to mortgage foreclosure sales for which the mandatory notice of sale has been given after the date of [the Eaton] opinion." Id. at 588-89, 969 N.E.2d at 1133 (footnote omitted). Here, the parties do not dispute that the mandatory notice of sale required under Mass. Gen. L. ch. 244, § 14 has not been given in this case. Still, Eaton also reiterated the settled principles under Massachusetts law that "a mortgage and the underlying note can be split." Id. at 576, 969 N.E.2d at 1124. See also Culhane v. Aurora Loan Servs. of Nebraska, 708 F.3d 282, 292 (1st Cir. 2013) ("In Massachusetts, the note and the mortgage need not be held by the same entity."). After Eaton, then, there remains nothing actionable under Massachusetts law about separate parties holding the two instruments as long as the mortgage and note are reunited at the time that a foreclosing entity gives the mandatory notice of sale required under Mass. Gen. L. ch. 244, § 14. Cf. U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 651, 941 N.E.2d 40, 53 (2011) ("The key . . . is that the foreclosing entity must hold the mortgage at the time of the notice and sale in order accurately to identify itself as the present holder in the notice and in order to have the authority to foreclose under the power of sale (or the foreclosing entity must be one of the parties authorized to foreclose under G.L. c. 183, § 21, and G.L. c. 244, § 14)."). Because the appellant concedes that no notice of sale has been given under Mass. Gen. L. ch. 244, § 14, we conclude that any challenge to the defendants' authority to foreclose is premature at this juncture under Eaton. Accordingly, we affirm the judgment of dismissal. We clarify, however, that the dismissal of Count VIII is without prejudice to the claim being brought again when it is ripe, but with prejudice to any effort to assert the same unripe claim.

"We review a district court's denial of a request for leave to amend a complaint for abuse of discretion," Villanueva v. United States, 662 F.3d 124, 127 (1st Cir. 2011), and "defer to the court's denial if any adequate reason for the decision is apparent on the record," id. Here, we conclude that the district court did not abuse its discretion in denying Marley's motion to amend his complaint. To the extent that Marley sought to amend his complaint to challenge the validity of the mortgage assignment dated June 30, 2011, such a challenge would have been premature, for the reasons stated above. To the extent that Marley sought to revive claims arising from the loan origination process, any such amendment would have been futile. Bypassing Marley's argument on appeal that these claims had not yet accrued by the time of his bankruptcy filing, Marley was on notice under the clear terms of the mortgage agreement that the note was subject to transfer. Moreover, "[t]he type of sophisticated transactions leading up to the accumulation of the notes and mortgages . . . and their securitization, and, ultimately the sale of mortgage-backed securities, are not barred nor even burdened by the requirements of Massachusetts law." Ibanez, 458 Mass. at 655, 941 N.E.2d at 56 (Cordy, J., concurring). Thus, the fact that his loan was securitized does not by itself provide a basis, as Marley seems to suggest, for voiding his mortgage.

Having considered the remaining motions, we deny them.

Affirmed. See 1st Cir. Loc. R. 27.0(c).

                By the Court:

                /s/ Margaret Carter, Clerk.

cc:
Neil David Raphael
Robert P. Marley